IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOROTHY DUGAN,

        Plaintiff,        Case No. 3:09-cv-199

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #18) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17) IN ITS ENTIRETY; VACATING THE COMMISSIONER'S DECISION THAT DUGAN WAS NOT DISABLED; REMANDING THIS MATTER TO THE COMMISSIONER FOR FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND RECOMMENDATIONS AND THIS ORDER AND TERMINATING THIS CASE**

_____

Plaintiff Dorothy Dugan has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a second final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). After remand for further proceedings, Administrative Law Judge ("ALJ") Daniel R. Shell issued a second decision on the applications finding that Dugan was not disabled. That decision became the final decision of the Commissioner, from which Dugan now appeals.

On July 23, 2010, United States Magistrate Judge Sharon L. Ovington entered a Report

and Recommendations (doc. #17) recommending that the Commissioner's second disability decision regarding Dugan be vacated and that this matter be remanded for further consideration consistent with the Report and Recommendations. The Commissioner subsequently filed Objections (doc. #18) and Dugan responded to the Commissioner's Objections (doc. #19). This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #17) and in the Commissioner's Objections (doc. #18) and Dugan's Response (doc. #19), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, vacates the Commissioner's second decision that Dugan was not disabled and remands this matter to the Commissioner for further consideration consistent with the Report and Recommendations and this Entry and Order. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and*

*Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ did not apply the correct legal criteria. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #18) are OVERRULED. This Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #17) in its entirety. The Commissioner's second decision that Dugan was not disabled is VACATED and this matter is REMANDED to the Commissioner for further consideration consistent with the Report and Recommendation and this Entry and Order. Specifically, on remand, the Commissioner is ordered to (1) re-evaluate the medical source opinions of record under the legal criteria set forth

in the Commissioner's Regulations, Rulings and applicable caselaw; and (2) reconsider, under the required sequential evaluation procedure, whether Dugan was under a disability and thus eligible for SSI.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Third Day of August, 2010.

.                                             **s/Thomas M. Rose**
                                              _____
                                              JUDGE THOMAS M. ROSE
                                              UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record
Michael A. Galluzzo at his last address of record